JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEMATIC CORP.

**DEFENDANTS**
AMBOY GROUP, LLC

**(b)** County of Residence of First Listed Plaintiff: Kent County, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Middlesex County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Mark A. Schiavo, Esquire
Dilworth Paxson LLP / 457 Haddonfield Road, Suite 700 / Cherry Hill, New Jersey 08002 / (856) 675-1900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/19/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMATIC CORP.,<br><br>                    Plaintiff,<br><br>           v.<br><br>AMBOY GROUP LLC,<br><br>                    Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT** |

Plaintiff, Dematic Corp. ("**DEMATIC**"), through its undersigned counsel, Dilworth Paxson LLP, by way of Complaint against Defendant, Amboy Group LLC ("**AMBOY**" or "**DEFENDANT**"), seeks the legal and equitable relief requested below based upon certain contracts, promises, and actions of Amboy, and in support thereof, alleges as follows:

## PARTIES

1. Plaintiff, DEMATIC, is a Delaware corporation with its principal place of business located at 507 Plymouth Avenue NE, Grand Rapids, Michigan 49505.

2. Defendant, AMBOY, is a New Jersey limited liability company with its principal place of business at One Amboy Avenue, Woodbridge, New Jersey 07095.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District.

**FACTS**

5.    Dematic is a global engineering company that provides a comprehensive range of intelligent warehouse logistics and materials handling solutions. Dematic designs, builds, and life cycle supports logistics solutions that optimize material and information workflow -- from receiving to shipping, within the four walls of the factory, warehouse, or distribution center.

6.    Some time prior to December of 2013, Amboy acquired a facility in Woodbridge, New Jersey, with a single aisle Woodson Unit Load Automated Storage and Retrieval System. Thereafter, Amboy solicited proposals, including from Dematic, for a modernization project for its newly acquired warehouse facility.

7.    On or about December 19, 2013, Dematic entered into a Sales Agreement with Amboy (the "**Agreement**") through which Dematic agreed to sell and Amboy agreed to purchase from Dematic certain products and services related to the Woodson Automated Storage and Retrieval System Project (the "**Project**"). A true and correct copy of the Agreement is attached hereto as Exhibit "A."

8.    Specifically, under the Agreement, Dematic agreed to provide and Amboy agreed to purchase certain "critical" upgrades to the existing infrastructure at the Woodbridge facility. These upgrades included, *inter alia*,: a full storage and retrieval machine controls upgrade utilizing existing mechanical subsystems; the provision of minimal on-ground controls for fork truck and storage and retrieval machine interfaces; and delivery of a minimal featured equipment management systems to support system automation. Dematic further provided a new manager system, conveyor controls, and storage and retrieval machine controls upgrades, amongst other products and services.

9. Dematic provided all services and products to Amboy in a timely and satisfactory manner, as required under the Agreement.

10. Testing of the equipment and services provided by Dematic to Amboy, and acceptance of the work performed by Dematic, was performed on several levels. First, the Storage and Retrieval Machine ("**SRM**") upgrade work that Dematic performed was completed and the upgraded SRM was tested and accepted by Amboy. A true and correct copy of the Amboy SRM acceptance is attached hereto as Exhibit "B".

11. Second, a system-wide test was performed for the entire integrated system installed by Dematic, which was once again accepted by Amboy. A true and correct copy of the Amboy system-wide acceptance is attached hereto as Exhibit "C".

12. Under the Agreement, in exchange for the services and products provided by Dematic, Amboy was required to pay Dematic $134,309.69 ($143,711.36 including tax) on July 31, 2014 and $132,446.67 ($141,717.94 including tax) on August 30, 2014.

13. Amboy failed to pay either invoice and, as a result, owes Dematic $285,429.30, exclusive of interests, attorney's fees and costs of suit (the "**Indebtedness**"). True and correct copies of the invoices are attached hereto as Exhibit "D".

14. On or about April 6, 2015, Dematic sent Amboy a request for payment and proposal for negotiated payment terms. A true and correct copy of the April 6 email from Dematic to Amboy attached hereto as Exhibit "E".

15. On or about April 6, 2015, Amboy acknowledged that it owed the Indebtedness and proposed to pay Dematic $32,475.00 per month for thirty eight (38) consecutive weeks in satisfaction of the Indebtedness. The same day, Dematic accepted Amboy's proposal. See Exhibit "E".

119297791_1

16. On or about July 13, 2015, Dematic sent Amboy a letter demanding that Amboy pay the Indebtedness in full on or before July 24, 2015. Amboy failed to do so.

17. On or about December 16, 2015, Dematic sent Amboy a second demand for payment of the Indebtedness, together with notice of default under Section 7.1 of the Agreement. A true and correct copy of the December 16, 2015 letter is attached hereto as Exhibit "F".

18. Notwithstanding such demands, no payment was received by Dematic.

## COUNT I
## BREACH OF CONTRACT

19. Dematic hereby incorporates by reference Paragraphs 1 through 17 above as though fully set forth herein.

20. The Agreement constitutes a contract between Dematic and Amboy.

21. Amboy breached the contract by, among other things, failing to pay the sums due and owing to Dematic as required by the Agreement;

22. Dematic satisfied its obligations under the Agreement and has acted in good faith in exercising its rights pursuant to the Agreement.

23. Dematic has been damaged by Amboy's breach of contract.

**WHEREFORE**, Plaintiff, Dematic, respectfully requests that this Court enter judgment against Defendant, Amboy, for all damages incurred by Dematic plus costs and attorney's fees, and any further relief as this Court deems just and proper.

## COUNT II
## BOOK ACCOUNT

24. Dematic hereby incorporates by reference Paragraphs 1 through 22 above as if fully set forth herein.

25. Amboy owes Dematic $285,429.30 on an open book account.

26. Dematic has demanded payment of the amount owed by Amboy, but Amboy has not paid this amount, or any part of it, and the whole amount is due and payable from Amboy to Dematic.

**WHEREFORE**, Plaintiff, Dematic, demands judgment against the Amboy for all sums due and owing pursuant to the agreement, together with interest, service charges, charge back fees, costs of suit, and attorneys' fees.

### COUNT III
### UNJUST ENRICHMENT

27. Dematic hereby incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

28. As a result of Dematic providing services, delivering the equipment and other merchandise to Amboy under the Agreement, Amboy received the benefit of the equipment and services.

29. By failing to pay Dematic for the equipment and services, Amboy has been unjustly enriched to the detriment and expense of Dematic.

**WHEREFORE**, Plaintiff, Dematic, demands judgment against the Amboy for all sums due and owing pursuant to the agreement, together with interest, service charges, charge back fees, costs of suit, and attorneys' fees.

## JURY DEMAND

Plaintiff demands a jury trial on any issue triable of right by a jury.

Dated:  October 19, 2016              Respectfully submitted,


                                      By:  /s/ Mark A. Schiavo
                                           Mark A. Schiavo, Esquire
                                           **DILWORTH PAXSON LLP**
                                           LibertyView
                                           457 Haddonfield Road, Suite 700
                                           Cherry Hill, New Jersey 08002
                                           mschiavo@dilworthlaw.com
                                           (856) 675-1900
                                           *Attorneys for Plaintiff Dematic Corp.*