

Dilworth Paxson LLP

Brett Wiltsey
New Jersey Managing Partner

DIRECT DIAL NUMBER:
(856) 675-1976

Nicholas M. Donzuso
ndonzuso@dilworthlaw.com

October 26, 2017

**VIA ELECTRONIC FILING**
Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

  RE: **Dematic Corp. v. Amboy Group LLC**
     **C.A. No. 16-cv-07517**
     **Our File No. 31951.00001**

Dear Judge Wettre:

  This office represents the Plaintiff, Dematic Corp. in connection with the above-captioned matter. As a follow up to my discussion with Your Chambers this morning, the parties in connection with this matter have agreed upon the material terms of the proposed settlement agreement and, despite diligent efforts by Plaintiff, have been unable to obtain an executed settlement agreement and the first lump sum payment from Defendant.

  Please allow this correspondence serve as a brief summary of what has transpired since this matter was tentatively marked "settled". By way of telephone discussion and confirmed through electronic correspondence, the parties agreed to settle the above-captioned matter with the following material terms:

  1. Amboy agrees to pay Dematic a total of $210,000.00;

  2. Amboy agrees to pay Dematic a lump sum payment of $50,000.00 due on or before October 15, 2017;

  3. Amboy agrees to pay Dematic thirteen (13) consecutive monthly payments of $7,000.00 beginning November 1, 2017, and continuing the 1st day of each of the following months: December 2017, January 2018, February 2018, March 2018, April 2018, May 2018, June 2018, July 2018, August 2018, September 2018, October 2018, and November 2018 (total monthly payments adding up to $91,000.00):

  4. Amboy agrees to pay Dematic a lump sum payment of $69,000.00 due on or before December 15, 2018;

October 26, 2017
Page 2

      5.    Amboy agrees to an entry of default/consent judgment for the total amount due of $375,896.74, less any payments made, in the case of default. A default will be more thoroughly defined in the coming, formal settlement agreement, however and for the purpose of this correspondence, defined as Amboy's failure to make payment on the date specified above;

      6.    The settlement covers any and all claims, defenses, counterclaims (realized or unrealized) to date; and,

      7.    Dematic is willing to service Amboy's equipment Cash On Delivery, however, any service provided is not a condition of this settlement agreement or Amboy's obligation to pay pursuant to the terms stated above.

On October 3, 2017, this office provided Defendant's counsel with a proposed settlement agreement codifying the above-mentioned material terms. On October 4, 2017, Defendant's counsel, in response to Plaintiff's proposed settlement agreement, provided this office with two (2) proposed changes to the settlement agreement. Defendant's proposed changes requested that Plaintiff delete specific language from the settlement agreement and added grace periods for the payments mentioned above. On October 5, 2017, Plaintiff agreed to the proposed changes and provided a revised settlement agreement to Defendant.

To date, and despite numerous attempts by this office to discuss this matter, Defendant has not responded. Pursuant to the material terms of the settlement agreement, Defendant's first lump sum payment date has passed, including the grace period, with Defendant failing to make payment.

Pursuant to this Honorable Court's September 15, 2017 Order and as a follow up to my conversation with Your Chambers, it is respectfully requested that this Honorable Court schedule a brief telephonic conference to discuss a resolution to this matter.

Your Honor's time and attention is greatly appreciated.

                                                Respectfully submitted,

                                                Nicholas M. Donzuso

NMD

cc: Joseph E. Cauda, Esquire (via electronic filing)